**Dosity NELSON et al., Appellants,**

v.

**UNITED STATES of America,
Appellee.**

No. 21733.

United States Court of Appeals
Fifth Circuit.

May 17, 1965.

William O. Bonin, Landry, Watkins, Cousin & Bonin, New Iberia, La., for appellants.

Elizabeth Dudley, Roger P. Marquis, Attys., Dept. of Justice, Ramsey Clark, Asst. Atty. Gen., Washington, D. C., Louis C. LaCour, U. S. Atty., Norton L. Wisdom, Sp. Asst. to the U. S. Atty., New Orleans, La., for appellee.

Before WOODBURY,* JONES and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

In 1942 the appellants (or their predecessors in interest) conveyed, by separate acts of sale, twenty contiguous parcels of land in Iberia Parish, Louisiana, comprising a total of 926.787 acres, to the Parish Police Jury. The land so conveyed was to be used as a parish airport, and each of the acts of sale contained the following provision:

> "It is understood and agreed that in the event the property hereinabove conveyed is no longer used as an airport, *or for any public purpose whatsoever, and* the Iberia Parish Police Jury desires to dispose of the said property, the present vendors shall have the privilege and option of purchasing the said property within ninety (90) days after the Police Jury gives public notice of intention to sell the same for the same basic price per acre paid by present purchaser." (Emphasis supplied.)

The contemplated airport was established and operated on the property in question. In 1955, upon hearing that the federal government desired to locate a naval auxiliary air station in that section of the state, the Police Jury donated [1] the

---

* Senior Judge of the First Circuit, sitting by designation.

1. The minutes and records of the Police Jury stated:
   "This transfer and donation is hereby declared to be made for the use by the United States of America of the land for purposes consonant with the aforesaid statute."

The mentioned statute is Louisiana Statutes Annotated (Revised Statutes 1950) § 33:4623, which provides:
   "Municipalities and parishes may lease or donate to the United States any property which they acquire, for use as airports, flying or landing fields, or parks, or for use for military purposes, or as civilian conservation corps camp sites."

property in question to the United States, subject to a reservation of "all oil and gas and other hydrocarbons contained in said lands" in favor of the Police Jury. This reservation included the right to enter upon the lands for the purpose of exploring for, drilling for, and removing such minerals.[2] The donation was formally accepted by the United States on September 26, 1956, and the donation was duly recorded in the Conveyance Records of Iberia Parish. At no time prior to this recordation did the Police Jury give the appellants actual notice of its intention to dispose of the property or otherwise enable the appellants to exercise the option to repurchase contained in the 1942 acts of sale.

The Government filed this condemnation action on December 6, 1956, less than ninety days after the donation by the Police Jury had been recorded, in which it sought to insure its title as against all persons other than the Police Jury who claimed an interest in the land. The appellants claimed that the reservations in the 1942 acts of sale gave them a right to repurchase which was outstanding at the time of the taking, and they sought compensation for this right. The district court granted a summary judgment dismissing all the appellants from the suit on the ground that they had no compensable interest in the condemned property.

Appellants argue that the reservations in the 1942 acts of sale gave them an option to repurchase the tract which was activated when the Police Jury decided to dispose of the land. As appellants would construe the provision, their option would be activated whenever the property ceased to be used *by the Police Jury* for

a public purpose and the Police Jury desired to dispose of the property. In the alternative, the appellants maintain that the district court erroneously granted a summary judgment for the reason that the clause is ambiguous and thus extrinsic evidence should have been admitted to demonstrate the intention of the parties in drafting the reservation. The Government, on the other hand, would read the provision as activating the option only if the land were no longer used by anyone for a public purpose and the Police Jury wished to dispose of it. The parties apparently agree that the contemplated use of the property by the Government was a "public purpose" within the meaning of the provision and that there was no interval during which the property was not in use for such a purpose.

■ Upon careful consideration of the arguments skillfully advanced by the appellants, we conclude that the provision is unambiguous [3] and that the case was an appropriate one for disposition by the summary judgment procedure.[4] To read the clause as appellants suggest would, we think, be to add something that is not there. The two conditions which must occur in order to activate the option to repurchase are expressed in the conjunctive: the land must no longer be used for any public purpose *and* the Police Jury must desire to dispose of it. We think it is clear that the parties did not contemplate that the option would become exercisable once the *Police Jury* ceased to use the land for a public purpose and desired to dispose of it. If such was the intention of the parties, there would have been no reason to include the first condition in the provision at all. Instead, it would only be necessary to condition the

2. The declaration of taking failed to except the minerals. Pursuant to a written stipulation entered into between the Police Jury of Iberia Parish and the United States, and in accordance with a motion made by the United States, the district court entered an order excluding from the condemnation proceedings the rights mentioned and reserved by the Police Jury.

3. See La.Stat.Ann., Civil Code, Art. 1945; Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392 (1958); Vaughan v. P. J. McInerney & Co., 12 So.2d 516 (La.App.2d Cir. 1943).

4. National Screen Service Corp. v. Poster Exchange (5 Cir. 1962) 305 F.2d 647.

activation of the option on the Police Jury's desire to dispose of the property.

Since the option to repurchase never became exercisable, the district court correctly held that the appellants had no interest in the property. Our conclusion in this respect makes unnecessary any discussion of the additional arguments of the parties.

The judgment is affirmed.