MARYLAND CASUALTY COMPANY, Plaintiff-Appellee,

v.

Donald G. LAMBERT and Sharon W. Lambert, Defendants-Appellants.

No. 78–1154.

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1980.

Rehearing Denied March 19, 1980.

Henry L. Klein, New Orleans, La., Cecil M. Burglass, New Orleans, La., for defendants-appellants.

Deutsch, Kerrigan & Stiles, Marian M. Berkett, New Orleans, La., for plaintiff-appellee.

Before MORGAN, REAVLEY and HATCHETT, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge.

Maryland Casualty Company brought this action to recover funds alleged to be due from Donald G. Lambert and Sharon W. Lambert, and for specific performance under the terms of an indemnity agreement between Maryland and the Lamberts. The District Court for the Eastern District of Louisiana granted partial summary judgment for Maryland on two claims, one a promissory note for $152,188, and the other for $1,784,396 in "advancements" made by Maryland to the Lamberts. The demand for specific performance, while not the subject of this appeal, is closely related to the claim for advancements and stems from the same series of business dealings. It is the position of the appellants Donald and Sharon Lambert that the claims for specific performance and money advanced are so interwoven that the partial summary judgment dismembers what is in reality a single cause of action.

Over a period of several years ending in 1975, Maryland issued payment and performance bonds on public works contracts undertaken by Lambert Contractor, Inc. In consideration for these bonds, Lambert Contractor and its sole shareholders, Donald and Sharon Lambert, agreed to indemnify Maryland against all losses on the bonds, and further agreed that should Maryland be required to establish a reserve fund against anticipated losses, they would furnish an equivalent amount of cash collateral.

Beginning in 1974, Lambert Contractor experienced severe financial difficulty. Naturally concerned over its risk exposure on the bonds issued on the Lamberts' projects, Maryland supplied financial aid to the Lamberts by various means, including advances of money totaling $1,784,396 under a letter agreement dated August 20, 1975. The second clause of the agreement stated that the advances would be repaid before January 30, 1976. The infusion of new capital into the company was to no avail, and Lambert Contractor was subsequently adjudged bankrupt. The advances made under the August 20 letter have never been repaid.

Initially, the Lamberts object that they are not personally liable for funds advanced under the letter agreement. This blank assertion is answered by the first paragraph of the letter, which recites that the agreements, including the agreement to repay, are between Maryland Casualty Company and "LAMBERT." The first sentence of the letter defines LAMBERT as including collectively "Donald G. Lambert Contractor, Inc., and its affiliated firms and controlling stockholders, Lambert Industries, Inc.,

Lambert Construction Company, Inc., Lambert Aviation, Inc., Donald G. Lambert and Sharon W. Lambert . . . ." The letter is signed by Sharon W. Lambert, individually, and by Donald G. Lambert, individually and in his capacity as president of each of the above-mentioned corporations.

The crux of the Lamberts' case, however, is that the advancements are secured by the indemnity agreement which is the subject of the specific performance claim. In support of this theory, the Lamberts refer to a Maryland interoffice memorandum which explains certain changes made in the letter agreement during negotiations:

> There was a reference in the letter that Lambert and the indemnitors would repay us for expenses we advanced to them regardless of whether they might be covered under the indemnity agreement or not. The foregoing is not the exact language, however, it was the intent. Lambert objected to this and I agreed to its elimination because we can protect ourself in another manner. We just will not agree to cover payments that Lambert wants to make if we do not feel they are bond obligations. If we choose to cover items that might not be bond obligations or concerns, we can always get a special request from Lambert and his wife.

Maryland Casualty Company Interoffice Correspondence, August 25, 1975, from G. Price Hayden to John Lewis, Jr.

While this piece of evidence may raise a question of fact, we do not believe the question raised is material. It is not disputed that regardless of the letter agreement, the Lamberts would be liable for the advancements under the indemnity agreement. The claims covered by Maryland were charges for which Maryland was liable on the bonds it had issued. The Lamberts individually had agreed to indemnify Maryland for such losses, and had also made certain assignments as security.

The letter agreement, however, was more than a restatement of the Lamberts' liability as indemnitors and assignors. Maryland's advancement of funds to the Lamberts, rather than to the Lamberts' creditors, was not required under the indemnity agreement, and Maryland was therefore entitled to demand some consideration in return for the advancements. The consideration, as stated in the August 20 letter, was an assignment of the Lamberts' interest in the proceeds of certain claims against the State of Louisiana and a promise that the Lamberts and their corporations would repay in any event by January 30, 1976. We agree with the Lamberts that the letter could also be read to state that the indemnity agreement serves as additional security for repayment.

The letter recites a contract complete on its face. Should the indemnity agreement fail, as the Lamberts contend it will, the obligation to repay would remain. *See Markman v. Russell State Bank*, 358 F.2d 488 (10th Cir. 1966).

The question that might be presented by the interoffice memorandum adduced by the Lamberts is whether Maryland understood the Lamberts' individual liability to exist aside from the indemnity agreement. Looking to the letter agreement, however, we fail to see any ambiguity that would warrant the introduction of extrinsic evidence. Partial summary judgment on the debt based on the letter agreement was therefore proper. *Nelson v. United States*, 345 F.2d 888 (5th Cir. 1965). We are also persuaded after viewing the record in this case that the district court properly certified the judgment under Rule 54(b).

While we fully agree with the district court's treatment of this case, the parties have brought to our attention a clerical error in the entry of judgment against both the Lamberts on a promissory note signed only by Donald G. Lambert. We therefore remand and direct that the judgment on the note be corrected to be entered against Donald G. Lambert only.

AFFIRMED in part, REVERSED in part and REMANDED.